GREAT CHINA TEA CO. v. NORFOLK & WESTERN RY.

IN ACTION FOR NEGLIGENCE, CASE WILL BE TAKEN FROM JURY IF PLAINTIFF NEGLIGENT, WITHOUT REGARD TO CONDUCT OF DEFENDANT.

In an action for damages for negligence on the part of a railroad company, where it appears that the negligence of the driver of a wagon was the direct cause of an accident at a crossing, testimony as to the speed of the train which struck the wagon can have no effect on the question of the driver's negligence, and the case will therefore be taken from the jury.

ERROR to Hamilton common.pleas court.·

**Moulinier, Bettman & Hunt,** for plaintiff in error:

Negligence of the railroad. 2 Thompson, Negligence 1873; *Lake Shore & M. S. Ry.* v. *Johnston,* 25 O. C. C. 41.

Contributory negligence. Thompson, Negligence 1888; *Clev. C. & C. Ry.* v. *Crawford,* 24 Ohio St. 631 [15 Am. Dec. 633]; *Marietta & C. Ry.* v. *Picksley,* 24 Ohio St. 654, 667; Thompson, Negligence 1626-1645; *Packard* v. *Traction Co.* 12 C. D. 822 (22 R. 578); *Balt. & O.*

Hamilton County.

*Ry.* v. *Van Horn,* 12 C. D. 106 (21 R. 337); *Reed* v. *Railway,* 74 Iowa 188 [37 N. W. Rep. 149]; *Peck* v. *Railway,* 25 Utah 21 [69 Pac. Rep. 153]; *Grand Trunk Ry.* v. *Ives,* 144 U. S. 408 [12 Sup. Ct. Rep. 679; 36 L. Ed. 485]; *Winstanley* v. *Railway,* 72 Wis. 375 [39 N. W. Rep. 856]; *Chicago & N. W. Ry.* v. *Netolicky,* 67 Fed. Rep. 665 [14 C. C. A. 615; 32 U. S. App. 168]; *Strong* v. *Railway,* 61 Cal. 326; *Greany* v. *Railway,* 101 N. Y. 419 [5 N. E. Rep. 425]; *Goodenough* v. *Railway,* 55 N. J. Law 326 [27 Atl. Rep. 931]; *Wheeling & L. E. Ry.* v. *Suhrwiar,* 12 C. D. 809 (22 R. 560); *Oleson* v. *Railway,* 143 Ind. 405 [42 N. E. Rep. 736; 32 L. R. A. 149]; *McCrory* v. *Railway,* 31 Fed. Rep. 531; *Massoth* v. *Canal Co.* 64 N. Y. 524; *Puff* v. *Railway,* 71 Hun 577 [24 N. Y. Supp. 1068].

**Hollister & Hollister** and **W. A. DeCamp,** for defendant in error.

**PER CURIAM.**

The testimony at the latter trial of this case in the court of common pleas is substantially the same as it was at the first trial, the judgment which this court set aside. *Norfolk & W. Ry.* v. *Tea Co.* 26 O. C. C. 547.

The testimony of the driver of the wagon is identical, because it is in the form of a deposition, and that form was used at both trials.

At the second trial there was some additional testimony offered on the subject of the speed of the train. In the opinion, per Swing, J., of this court, at page 548, it is said:

"White was absolute master of his movements; there was no impending danger confronting him, and his horses were entirely under his control, and he voluntarily placed himself in the position where the collision occurred; in doing this he was clearly negligent. It matters not whether the railway company did not ring a bell or was running at a higher rate of speed than twenty miles an hour, which is the usual rate of speed of trains at that point; it is clear that the negligence of the tea company was the cause of the accident, and not the negligence of the railway company."

We are of opinion that the additional testimony on the subject of the speed of the railway train does not affect the question of the negligence of the driver, White.

We are of opinion that the negligence of the driver, White, was the direct cause of the accident whatever may have been the conduct of the railway company.

The court below was justified in arresting this case from the jury, and the judgment herein will be affirmed.